IN THE MATTER OF THE APPLICATION OF WILLIAM L. HUGHEY FOR A LICENSE TO PRACTICE LAW.

No. 3428

March 7, 1945.                    156 P. (2d) 733.

*William L. Hughey,* Applicant, in Pro. Per.

*Charles M. Merrill,* Chairman, and *Bert Goldwater,* Secretary, both of Reno, for the Nevada State Board of Bar Examiners.

## OPINION

By the Court, TABER, C. J.:

On December 6, 1944, this court, on the recommendation of the board of bar examiners, made and entered an order denying William L. Hughey's application for a license to practice law. He has moved the court to reconsider said order, and to grant his application.

Applicant and ten others took the annual bar examination at Reno last September. The passing mark established by the board is a general average of 75 percent. The general average percentages attained by the eleven applicants, from highest to lowest, were as follows: 82.2, 75.83, 73.6, 73, 68.4, 67.1, 66.9, 62.5, 61.3,

57.66 and 45. Mr. Hughey's general average was 66.9 percent. In the bar examination of September 1943 his general average was 69.66 percent.

The board of bar examiners consists of seven members of the state bar. Each member prepares the questions for a certain subject or group of subjects. The 1944 examination consisted of seven separate written examinations given over a period of four days. The subjects covered by those examinations were all included in the list set forth in rule I of this court. Each member of the board prepared one of the seven sets of questions. After the completion of the examinations, each member personally read and checked the books containing answers to the questions propounded by him, and assigned grade marks to each book. The books were designated by numbers only until the grading was completed.

Applicant was given the following percentages: Research, 73; Constitutional Law and Evidence, 48; Equity and Trusts, 72; Torts and Crimes, 58; Contracts, Sales, Agency, Bills and Notes, 66; Jurisdiction of Courts, 76.5; Mortgages, Security Transactions, Real Property, Personal Property, Community Property and Taxation, 75.

After setting forth, among other things, his residence in Nevada, his occupation and the extent and subjects of his studies in the law, applicant concludes his motion with the following three paragraphs:

"VI. That the Applicant believes that a reexamination by this Court of his examination papers will disclose that his grades are such as to justify this Court in granting his application for admission to practice law in this State and as a member of the bar of this court;

"VII. That the Applicant believes and avers he is qualified in every way to practice law in this State and therefore prays that this Court make and enter an Order admitting the Applicant to Practice Law in the State of Nevada;

"VIII. That this application is based upon records and papers now in the file before this Court in the above entitled matter and he relies upon said records and papers in support of his motion."

It is not stated in applicant's motion that the examination questions were unreasonably difficult, nor that the marking of the answers was too strict. In his brief, however, it is stated that applicant believes and avers that the gradings of his examinations were unjustly severe; and in his supplemental brief he questions the fairness of the examinations, and also "questions the rules of procedure which will not allow the Board to weigh, with the academic examination, the personalities and backgrounds of the applicants." Applicant intimates in the latter brief that the board has raised the standards so high that many applicants, well qualified to practice law in this state, are unjustly denied the right to follow their chosen profession. He acknowledges the ability and integrity of the members of the board, and makes no charge of fraud, imposition, coercion or oppression; nor does he claim that he was denied a fair opportunity to take the examination. He does insist, however, that although the board was not actuated by any wrongful motives, the examination was nevertheless unfair and unjust in fact. These statements in his briefs cannot supply the defects and omissions in his motion papers, particularly in view of the fact that the truth of said statements is not admitted by the board.

▪ That this court, in a proper case, has the jurisdiction and power to grant such motions as that of applicant is not questioned by the board, notwithstanding the fact that there is no statute or rule of court in Nevada authorizing a review of the action of the board in recommending that the application of a candidate for admission to the bar be denied. But in the present case the board contends that the court would not be justified in granting applicant's motion, because both the motion itself and the showing made in support of

it are insufficient to authorize the relief prayed for. The board takes the position that it is possessed of a large discretion in conducting the bar examinations, and that its judgment and opinion should be accorded considerable weight. The law as understood by the board is that in the absence of unfair treatment, fraud, coercion or oppression, its findings will not be overruled by this court.

Section 24 of our state bar act, sec. 563 N. C. L. 1929, reads in part as follows: "With the approval of the supreme court, and subject to the provisions of this act, the board shall have power to fix and determine the qualifications for admission to practice law in this state, and to constitute and appoint a committee of not more than seven members with power to examine applicants and recommend to the supreme court for admission to practice law those who fulfill the requirements."

■ With respect to applicant's contention that the personality and background of an applicant should be weighed along with the written examination, it is sufficient to say that the general qualifications of an applicant will not be substituted for the requisite knowledge of law which one must possess in order to be admitted into the legal profession. Staley v. State Bar of California, 17 Cal. 2d 119, 109, P. 2d 667; In re Investigation of Conduct of Examination for Admission to Practice Law, 1 Cal. 2d 61, 33 P. 2d 829.

■ The recommendation of the board that applicant be denied a license to practice law was based entirely upon his failure to pass the written examination. In stating the grounds upon which his motion is based, all that is said regarding the written examinations are the paragraphs of said motion hereinbefore quoted. Upon such general averments applicant is asking this court for "a reexamination of his examination papers." The motion does not state wherein the examinations were unfair and unjust. It fails to say which questions are claimed to be unreasonably difficult, or which of the

gradings assigned to applicant's answers are unreasonably strict or severe. Yet applicant expects this court to read and study every question and every one of his answers in all seven examinations, for the purpose of determining whether the board abused its discretion in not recommending him for admission to the bar. Conceding that this court has the power and jurisdiction to examine the whole record of the proceedings of the board of bar examiners, including the examination papers, it by no means follows that it is proper, or that it is the court's duty, to peruse such record and papers at the request of every unsuccessful applicant regardless of the insufficiency of his motion or petition in this court, and of his showing in support thereof.

We think the showing made, as well as the motion itself, is insufficient to justify our complying with applicant's request that we study all the bar examination questions and his answers thereto. While only two of the eleven persons taking the examination attained marks higher than 75 percent, the board in its discretion allowed two others to pass whose gradings were, respectively, 73.6 percent and 73 percent. In addition to the four who were allowed to pass there were two other candidates who, though unsuccessful, received higher general averages than applicant. His general average was more than 8 percent below the passing mark, and he failed in five of the seven examinations. He was seventh in the list of examinees, six having been graded with higher, and four with lower marks. He states in his motion that he had been studying law for the last eight years, principally at night, and that among the subjects covered in his studies were constitutional law and evidence; yet in these two important subjects his mark was lower than that of any other applicant.

Applicant stresses the fact that since February 1943 he has been engaged as a field agent of the United States treasury department, investigating income and excess profits tax cases; and that he has been engaged in such

work for the past eight years. Such experience is proper to be considered in connection with an applicant's background and his qualifications for practicing law, and it is also an asset to one engaged in the practice of that profession; still it is but one of a large number of subjects in which a person must be proficient in order to be qualified for such practice.

██ The burden is upon applicant to show wherein the determination of the board was incorrect or unfair. Staley v. State Bar of California, supra; Salot v. State Bar of California, 3 Cal. 2d 615, 45 P. 2d 203. The board has a large discretion in the matter of recommending that applicants be admitted or denied admission to the bar, and the exercise of this discretion will not be reviewed by this court unless it clearly appear that an abuse has occurred. Mitchell v. State Board of Law Examiners, 155 Mich. 452, 119 N. W. 587; 7 C. J. S., Attorney and Client, sec. 11, p. 719, note 52; 5 Am. Jur. 278, n. 3. The following cases are cited in support of our conclusion that applicant's motion and the showing made in support thereof are insufficient to justify the relief prayed for; Staley v. State Bar of California, supra; Salot v. State Bar of California, supra; In re Investigation of Conduct of Examination for Admission to Practice Law, supra; Spears v. State Bar of California, 211 Cal. 183, 294 P. 697, 72 A. L. R. 923. See, also, 42 C. J. 478, sec. 33.

The authorities relied upon by applicant are Brydonjack v. State Bar, 208 Cal. 439, 281 P. 1018, 66 A. L. R. 1507, In re Investigation of Conduct of Examination for Admission to Practice Law, 1 Cal. 2d 61, 33 P. 2d 829, and the dissenting opinion in Staley v. State Bar of California, 17 Cal. 2d 119, 109 P. 2d 667. The rule laid down in the Brydonjack case is also the law in Nevada, and this court has the power to admit an applicant to practice law notwithstanding an adverse recommendation of the board of bar examiners. But this rule is of little help in the present case. The In re Investigation, etc., case, supra, differs greatly from the one we

now have under consideration, both as to the sufficiency of the petition or motion, and the facts. The petition in the former case contained averments specifying wherein it was claimed that the examination had been unjust and unfair. In the instant case there is a complete lack of such averments in applicant's motion. In the "Investigation" case [1 Cal. 2d 61, 33 P. 2d 830] the supreme court of California "received a flood of communications from applicants who failed to pass the examinations. Members of the bar and others importuned the court in behalf of the rejected applicants. * * * The small percentage of successful applicants, and the number of those who had failed to pass one or more previous examinations, seemed to call for an explanation; and, so great was the insistence with which the present claims were urged, that the court deemed it proper to enter into a consideration of the situation to ascertain, if possible, why an increasingly large number of applicants were unable to pass the bar examinations. Accordingly, such an inquiry was ordered." In the case at bar the only complaint besides applicant's which has come to the knowledge of this court was that of another applicant who noticed, but later withdrew, a motion herein similar to that of Mr. Hughey. No members of the bar, or others have importuned this court in behalf of any rejected applicants. In the Staley case, supra, it is the dissenting opinion upon which applicant relies. The opinion and decision of the court in that case do not support his position, but on the contrary strongly support that of the board.

Motion denied.