IN THE MATTER OF THE PETITION OF GREGORY JOHN CHACHAS, FOR REVIEW OF BAR EXAMINATION.

No. 4501

March 5, 1962                    369 P.2d 455

*Petitioner in Pro. Per.*

*Howard L. Cunningham,* Chairman, Board of Bar Examiners, of Reno, for State Bar of Nevada.

## OPINION

*Per Curiam:*

Petitioner took the Nevada State Bar examination in September 1961 and was thereafter notified that he had failed to pass. He now petitions this court to set aside and nullify the recommendation of the Board of Bar Examiners that he be denied admission to the State Bar of Nevada.

In such petition he alleged that he was prevented from passing the examination through fraud, imposition, coercion, abuse of discretion, and patent error in judgment and interpretation of law by the Board of Bar Examiners in that his answers to certain specified questions were improperly graded thereby precluding him from obtaining a passing grade.

Petitioner alleges further that the chairman of the Board of Bar Examiners agreed to regrade and reconsider petitioner's examination "in the light of what was agreed was erroneous grading in examination 4," but

that this has not been undertaken; that Rule 55, Supreme Court Rules, limiting the grounds of a petition for review to a showing (a) that the applicant was prevented from passing through fraud, imposition, or coercion by the Board of Bar Examiners, or (b) that he was prevented from a fair opportunity to take the examination by the Board of Bar Examiners, denies to petitioner his constitutional right to be afforded a fair and impartial opportunity to practice law in the State of Nevada; that such limitation "denies him the right to have an impartial and objective review of the decision of the bar examiners."

The Board of Bar Examiners answered the petition, denying the material allegations above recited. Petitioner filed a reply, alleging a conference between the chairman and the former chairman of the board, in which the latter expressed the opinion that there was an undergrading of at least 42 points on questions 2 and 4 of examination 4, and that the petitioner had answered "right on the head," and that the chairman suggested to petitioner that the latter send him six copies of the "erroneously graded answers" to be distributed to the bar examiners for regrading. Such reply again attacked Rule 55 as unreasonable and arbitrary. In view of the new matters pleaded in the reply, we permitted respondent to file a replication thereto. Such replication admitted that the chairman, after conferring with the ex-chairman, did check the answers to the said questions and later suggested that the petitioner send him six copies of the "erroneously graded answers," and denied all other allegations contained in the reply.

In essence, the complaint of petitioner is that his examination in part was graded improperly, and he seeks a regrading by this court. The embellishment of the charge of improper grading by denominating it fraud adds nothing to the nature of the relief sought.

The recommendation of the board that petitioner be denied a license was based entirely upon his failure to pass the examination. This is a proper basis for the

board's determination of the academic qualifications of an applicant. Ex parte Reid, 76 Nev. 76, 349 P.2d 446.

The showing made is insufficient to require us to study all the answers of petitioner and of the other applicants for the purpose of ascertaining whether the board abused its discretion in its failure to recommend petitioner for admission. In re Myles, 64 Nev. 217, 180 P.2d 99.

"The board has a large discretion in the matter of recommending that applicants be admitted or denied admission to the bar, and the exercise of this discretion will not be reviewed by this court unless it clearly appear that an abuse has occurred." In re Hughey, 62 Nev. 498, 156 P.2d 733. Where any dissatisfied applicant can show that he was denied passage of state bar examinations through fraud, imposition, or coercion, or that he was prevented from fair opportunity to take examinations, this court will listen to his complaints, but inability to pass examinations, which are successfully passed by other applicants, of course, will not be inquired into. Staley v. State Bar of California, 17 Cal.2d 119, 109 P.2d 667.

Under Rule 55, Supreme Court Rules, the burden is upon an applicant to show wherein the board acted improperly.

The petitioner has failed to meet the burden of proof required by the rule.

The constitutional question raised by petitioner is without merit. He has no constitutional right to practice law in Nevada. He has a right to practice law only upon a demonstration of fitness which so far he has been unable to present.

The petition for review is denied.