IN THE MATTER OF THE PETITION OF ALFRED BECKER
FOR REVIEW OF BAR EXAMINATION, 1962.

No. 4579

January 10, 1963                                377 P.2d 631

Petitioner in Pro. Per.

*Howard L. Cunningham,* Chairman, Board of Bar
Examiners, and *Robert R. Herz,* Executive Secretary,
State Bar of Nevada, of Reno, for State Bar of Nevada.

# OPINION

*Per Curiam:*

This is a petition for review of the recommendation of the Board of Bar Examiners that Alfred Becker be denied admission to the State Bar of Nevada.

It is alleged therein that petitioner formally prepared for the practice of law at Brooklyn Law School where he received the degrees of Bachelor of Laws and Master of Laws; that he successfully passed the New York State Bar examination and is now a member in good standing of the Bar in that state; that he has been a bona fide resident of Nevada since April 1959; that he took the 1960, 1961 and 1962 Nevada State Bar examinations and failed to pass the written examination each time; and that he received the grade of 71.36 percent in the 1962 Nevada State Bar examination. All of the foregoing allegations are admitted by the respondent Board of Bar Examiners.

Petitioner also alleges that he was prevented from passing the 1962 Nevada State Bar examination: (a) through the fraud and imposition of the Board of Bar Examiners in that said Board had "arbitrarily, unjustly, and in a discriminatory manner determined in advance the number of applicants who should be permitted to pass the examination and selected questions to be propounded to applicants of such a nature that, rated on an arbitrary, unreasonable and abstract scale of 100 percent, it was possible to pass or reject at will any number of applicants taking the examination, and that the Board of Bar Examiners had thus refused to consider all the qualifications of your petitioner for admission to the Nevada Bar"; (b) through the imposition of the Board of Bar Examiners in that it appeared that two of the questions required a memorized knowledge of statutes or local law in violation of Rule 52(2)(f) Supreme

Court Rules;[1] (c) through the coercion of the Board of Bar Examiners in that because no model answer was available, petitioner could not compare his answers to any model, and for such reason he was coerced into accepting the abstract statement of the Board that he failed to pass the written examination; (d) through the imposition and coercion of the Board in that some examiners graded the examination papers more severely than others and hence "the examination subjects were not graded on the same degree of difficulty or the same standards of excellence"; (e) in that the gradings of his answers in the 1962 examination were unjustly severe and that he has been made a victim of unfairness, arbitrariness, fraud and dishonesty in the marking and grading of his papers; and (f) through the coercion and imposition of the Board in that the examination taken by him was not properly designed to determine his academic fitness to become a member of the Nevada Bar. All of the further allegations contained in this paragraph were denied. No evidence was presented in support of these allegations.

In essence, the complaint of petitioner is that his examination was graded improperly and he seeks a regrading by this court. The embellishment of the charge of improper grading by denominating it fraud, imposition and coercion adds nothing to the nature of the relief sought. Ex parte Chachas, 78 Nev. 102, 369 P.2d 455.

We need not determine whether there was a violation of Rule 52(2)(f) Supreme Court Rules, because the records on file with this court establish that petitioner would have failed to pass the Bar examination even though given a grade of 100 percent on each of the two questions of which he complains.

---

[1] Rule 52 delineates the type and the subjects of the Bar examination, and § 2(f) thereof states in part "* * * but no questions will be asked calling for memorized knowledge of statutes or local law * * *."

Petitioner's complaint that no model answer was available is without merit, because our rules do not require that a model answer be available for comparison purposes or otherwise.

The failure of petitioner to pass the examination was the sole basis of the Board's recommendation that he be denied a license to practice. This is a proper basis for determination of the academic qualifications of an applicant. In re Myles, 64 Nev. 217, 180 P.2d 99.

On a petition in this court to review the recommendation of the Board of Bar Examiners that petitioner be denied admission to the State Bar of Nevada because he failed to obtain a passing grade in a Bar examination, we will not undertake to examine all of the petitioner's answers to all of the questions in the examination. Ex parte Reid, 76 Nev. 76, 349 P.2d 446; In re Hughey, 62 Nev. 498, 156 P.2d 733.

The petition for review is denied.