Petition of Russell **WAYLAND** of Shawnee, Oklahoma, for a Review of his June 1971 Bar Examination and for Other Relief.

S.C.B.D. No. 2284.

Supreme Court of Oklahoma.

Nov. 16, 1971.

Rehearing Denied Jan. 17, 1972.

Frank H. Jaques, Ada, Okl. Board of Bar Examiners.

Mike Sullivan, Poteau, Charles Elder, Purcell, for petitioner.

IRWIN, Justice:

Russell Wayland, who failed to pass the June 1971 bar examination has petitioned this Court for relief which would require that his examination papers be reviewed and regraded by the Oklahoma Board of Bar Examiners; and that he be admitted to the Practice of Law in Oklahoma.

■ The first issue presented is whether Mr. Wayland comes within the 1940 Rules and Regulations Governing Admission to the Practice of Law in Oklahoma, as amended in 1963 (the old rules), or comes within the rules adopted and promulgated by this Court on April 6, 1970, which became effective June 1, 1970 (the new rules). See 41 OBJ 849. Mr. Wayland contends he comes under the old rules and is entitled to a review; and the Board of Bar Examiners contends that he comes under the new rules and is not entitled to the review.

Rule 11 of the old rules provided for a review by the Board of Bar Examiners of the examination papers of an examinee who failed to pass the State Bar Examination who had received a certain number of grade points in the examination. Mr. Wayland, under this rule, received a sufficient number of grade points to be entitled to a review if the old rule is applicable to him.

The new rules, which became effective on June 1, 1970, contained no provisions for a review of the examination papers of an unsuccessful examinee. Rule 14, of the new rules, provides:

"All rules or regulations governing the subject matter herein covered previously in effect are hereby cancelled, revoked and hereafter to be of no force and effect."

We hold that if the new rules are applicable to Mr. Wayland, he would not be entitled to a review of his examination under our Rules Governing Admission to the Practice of Law in Oklahoma.

The record discloses that on January 16, 1970, Mr. Wayland requested permission to take the bar examination and on February 8, 1971, this Court granted his request and he was authorized to take the June 1971 bar examination. At the time Mr. Wayland took his first bar examination in 1962, and was unsuccessful; and at the time his request was made to take the present examination, the old rules were in force and he would have been entitled to a review under the rules then existing. Mr. Wayland argues that since he made his original application for admission in 1962 under the old rules, his application, until final disposition, should continue to be governed by the old rules.

There is a difference between the subject matters covered under the old rules and the new rules. See Rule 6 of both rules. Therefore, if Mr. Wayland's contention is correct, the Board of Bar Examiners should have given two different examinations; i. e. one examination covering the subject matters set forth in the old rules to all examinees who made application for admission prior to the effective date of the new rules on June 1, 1970; and another examination covering the subject matters set forth in the new rules to all examinees who made application for admission on or after June 1, 1970. And, carrying this procedure one step further, the examinees taking the examination un-

der the old rules would have a right of review and the examinees taking the examination under the new rules would have no right of review.

Mr. Wayland was authorized to take the June 1971 bar examination on February 8, 1971, and the new rules had become effective on June 1, 1970. In our opinion, when this Court adopted and promulgated the new rules which became effective on June 1, 1970, and a subsequent bar examination was given pursuant to such rules, such rules would be applicable and an examinee would have no right of review of his examination paper whether he had made application for admission before or after the new rules become effective. We hold that the new rules, effective June 1, 1970, would be applicable and under those rules Mr. Wayland is not entitled to have his examination reviewed and regraded.

■ Mr. Wayland's next contention concerns the constitutionality of the new rules which do not authorize a review of the examination papers of an unsuccessful examinee. He argues that the new rules contravene the due process requirements of the United States Constitution by not providing for a review of bar examinations.

In Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796, the Supreme Court of the United States said that a state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, but that a state can require high standards of qualifications, such as good moral character or proficiency in its law before it admits an applicant to its bar. In that case Schware was denied the right to take a bar examination on the grounds that he did not possess the necessary moral qualifications. The Supreme Court found there was no evidence in the record which would rationally justify a finding that Schware was morally unfit to practice law and denying him the opportunity to qualify for admission deprived him of due process. Schware did not involve the question concerning the right of review of an examination paper.

In Goldsmith v. United States Board of Tax Review, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494, Goldsmith applied for admission to practice before the United States Board of Tax Appeals. One of the Board's rules provided that the Board could in its discretion deny an applicant the right to practice. The Board denied Goldsmith's application on the grounds of his unfitness without giving him an opportunity to be heard. The Court of Appeals denied his admission and on a Writ of Error to that Court, the United States Supreme Court said that the rule involving discretionary powers "must be construed to mean the exercise of a discretion to be exercised after fair investigation, with such a notice, hearing and opportunity to answer for the applicant as would constitute due process". The Court said Goldsmith was entitled to demand from the board the right to be heard on the charges against him upon which the board denied his admission. However, Goldsmith had not demanded a hearing before the board and the judgment of the Court of Appeals was affirmed.

In Salot v. State Bar of California, 3 Cal.2d 615, 45 P.2d 203, the California committee of bar examiners failed to certify Salot to the admission to practice because he did not possess the necessary legal requirements. The Supreme Court of California said that it would not inquire into Salot's inability to pass the examination unless he could show that he was prevented from passing through fraud, imposition or coercion, or that he was treated unfairly or unjustly; nor would the Court exercise its powers in contravention of the adverse recommendation of the committee except upon convincing showing that the adverse recommendation was not based upon sound premises and valid reasoning.

In Staley v. State Bar of California, 17 Cal.2d 119, 109 P.2d 667, Staley had failed to pass the bar examination. On petition

to the California Supreme Court, the Court reiterated the rule announced in Salot, supra, and said the burden was upon the petitioner (Staley) to show wherein the determination of the board of examiners was incorrect or unfair.

In Petition of Webster, 241 Ind. 235, 171 N.E.2d 694, the Supreme Court of Indiana refused to review or reverse the action of the Indiana State Board of Law Examiners which had found that the examinee had failed to pass the examination, on the grounds that there was no evidence that the examinee received any other grade than a failing grade and that there was no evidence of an arbitrary or capricious action on the part of the board.

In In re Monaghan, 126 Vt. 193, 225 A. 2d 387, Monaghan sought a review of his bar examination on the grounds that he had good reason to believe he was not impartially examined. In denying the review the Supreme Court of Vermont said that in examining and grading applicants for the admission to the bar, the members of the examining board are the exclusive judges, and that it would not embark on an investigation to ascertain the probity in the absence of clear and unequivocal allegations of probative facts to establish impositions, discrimination and manifest unfairness.

In In re Hughey, 62 Nev. 498, 156 P.2d 733, it was held that the burden is on the applicant for a license to practice law to show wherein the determination of the Board of Bar Examiners recommending denial of a license was incorrect or unfair; and that such board has a large discretion and the exercise of this discretion will not be reviewed by the Supreme Court unless it clearly appears that an abuse has occurred. The Nevada Supreme Court in Petition of Chachas, 78 Nev. 102, 369 P.2d 455, said that where any dissatisfied examinee can show that he was denied passage of the state bar examination through fraud, imposition or coercion, or that he was prevented from fair opportunity to take the examination, that it would listen

to his complaints, but inability to pass an examination will not be inquired into.

In Application of Peterson (Alaska), 459 P.2d 703, 39 ALR 3d 708 (1969), Peterson requested admission to the bar by the Alaska Supreme Court after having failed to pass two successive Alaska bar examinations. In his petition for admission he alleged he had met the requirements for admission, and he additionally alleged that he was denied due process of law through the manner in which his examination papers were graded by the Committee of Bar Examiners. Peterson had requested the board for his graded examination papers and model answers in order to prepare a brief for the board to sustain his contention that he had successfully passed the examination. The Board refused this request and in its argument to the Alaska Supreme Court it asserted that as a precondition to the exercise of the Court's review jurisdiction, Peterson had to demonstrate that his failing grade was a result of fraud, imposition, or other serious grounds. The Supreme Court found that in order for Peterson to have been accorded a hearing before the board which would have conformed to the minimum standards of basic procedural fairness, he should have been given access to his examination questions, his answers thereto, and the model answers to the particular examination.

The Alaska Supreme Court remanded Peterson's application to the board for further proceedings. The Court's opinion was on the grounds that the record demonstrated a denial of a fair hearing, but the court said that it declined to reach the denial on the grounds of constitutional due process as advanced by Peterson.

See also the annotation in 39 ALR 2d 719–730, concerning Court Review of Bar Examiners' Decision on Applicant's Examination.

We hold that the Rules Governing the Admission to Practice Law in Oklahoma which became effective June 1, 1970, do not contravene the Due Process or Equal

Protection Clause of the United States Constitution on the grounds that there is no provision in the rules which grants an unsuccessful examinee the right to have his examination papers reviewed and regraded by the Board of Bar Examiners.

We further hold that when the Oklahoma Board of Bar Examiners conducts a bar examination in conformity with the present Rules Governing Admission to Practice of Law in Oklahoma, and an examinee, who has failed to successfully pass the examination, petitions this Court for a review of his examination papers by the Board, this Court will not grant the review except upon convincing proof that the Board's determination was erroneous or unfair, or the Board's action was arbitrary or capricious.

We will now determine whether the record in these proceedings demonstrate by convincing proof that the Board's determination that Mr. Wayland failed to pass the June 1971 bar examination was erroneous or unfair, or the Board's action was arbitrary or capricious.

In his petition to this Court, Mr. Wayland alleged that he sufficiently answered all questions on the June 1971 bar examination, and a more careful consideration of his answers will disclose the fact to an extent that would justify correcting his examination papers with a grade minimum to meet the requirements for admission to the practice of law.

The above allegations amount to nothing more than a general statement that the answers submitted by him entitle him to a passing grade notwithstanding the grade given him by the Board of Bar Examiners. Although he alleges that a review and regrading his examination papers would justify a correction, there is no proof whatsoever indicating in what manner the Board's determination was erroneous or unfair, or that the Board's action was arbitrary or capricious.

Since Mr. Wayland has not, by convincing proof, demonstrated that the Board's determination that he had failed to pass the June 1971 bar examination was erroneous or unfair or the Board's action was arbitrary or capricious, his petition for relief which would require that the Board of Bar Examiners review and regrade his bar examination papers is denied.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.