**Gilbert SUTTON, Plaintiff-Appellant,**

**v.**

**Samuel S. LIONEL et al., Defendants-Appellees.**

**No. 77–1992.**

United States Court of Appeals, Ninth Circuit.

Sept. 29, 1978.

Rehearing Denied Nov. 3, 1978.

William K. Lohse (argued), Reno, Nev., for plaintiff-appellant.

Andrew S. Brignone (argued), of Lionel, Sawyer & Collins, Las Vegas, Nev., for defendants-appellees.

Before: SMITH,* DUNIWAY and WALLACE, Circuit Judges.

## J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Nevada, Bruce R. Thompson, *Judge*, dismissing for failure to state a claim upon which relief can be granted an action challenging the constitutionality of various rules governing admission to the practice of law in Nevada, and seeking the production of materials and a hearing. For reasons given below, we affirm.

The Supreme Court of the State of Nevada (the "Court") is empowered by the state's legislature to make rules for the government of the State Bar. N.R.S. Title 1, ch. 2 § 2.120(1) (1975). The bar is a public corporation created by statute and continued under the exclusive jurisdiction and control of the Court. N.R.S. Title 1, ch. 7 § 7.275(1) (1977). The Court, pursuant to its rule-making authority, authorized the board of governors of the bar to fix and determine the qualifications for admissions to practice law in Nevada. In addition, the board of governors was authorized to delegate to a board of bar examiners the power to interview and examine applicants, to determine their qualifications for admission to practice, to recommend to the Court applicants who fulfill these requirements, and to recommend rejection of those who fail to meet these requirements, Supreme Court Rule (hereinafter "SCR") 49(1), (3)(a) (1975).[1]

An applicant not recommended by the board of bar examiners is informed by the Court whether the board's recommendation was based upon a failure to pass the examination or upon the applicant's failure to

---

\* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. The board of bar examiners conducts examinations of applicants. SCR 50(2) (1975). All applicants to practice law are examined by the board of bar examiners administering annually to all applicants a written bar examination. SCR 65(1) (1975). When the examinations have been completed, the board transmits them to the Court accompanied by certificates stating whether the bar examiner feels that the applicant fulfills or does not fulfill the requirements for admission to practice, and a recommendation for or against such admission. SCR 68(1) (1975). The board also transmits to the Court its report of the grades received by the applicants together with the board's examination questions and the applicants' answers thereto. SCR 68(3) (1975). Upon receipt of a recommendation for admission, the Court may admit to the practice of law any and all applicants so recommended having a grade of not less than 75 percent. SCR 69 (1975). An applicant is permitted to take the examination four times, and upon a denial of admission following the fourth examination is not again permitted to apply for admission. SCR 67(1) (1975). The Court, nevertheless, "has the power to admit an applicant to practice law notwithstanding an adverse recommendation by the Board of Bar Examiners." *In re Hughey*, 62 Nev. 498, 504, 156 P.2d 733, 735 (1945). See *In re Waters*, 84 Nev. 712, 716, 447 P.2d 661, 664 (1968).

qualify in any other particular. Any applicant so notified may, within a period of 60 days from the date of such notice, file a verified petition for review with the Court, accompanied by proof of service of a copy thereof upon the board of bar examiners.[2]

The SCR also provides that, with the exception of the portion of the written examination prepared by the Educational Testing Service ("multistate bar examination"), any applicant not recommended by the board shall have the right to inspect his graded examination papers at any time after the Court has received the report of the board of bar examiners recommending that the applicant be denied admission. SCR 71 (1975).

In 1975, Sutton sought admission to the practice of law in the State of Nevada. It appears that Sutton had taken the written examination three times before 1975 and that after each exam he had been denied admission to the practice of law. On July 30 and 31, 1975 Sutton again sat for the written examination, the fourth and final time permitted by the rules. Sutton failed to receive a passing grade, and the board of examiners duly reported the result of the 1975 bar examination to the Supreme Court of Nevada. The Court entered an order denying Sutton admission to the practice of law.

Thereafter Sutton petitioned the Court for review. SCR 70(2) provides that an applicant may petition for review within 60 days from the date that an applicant is notified that he has failed to pass the examination. Sutton asserts that he petitioned the Court, and that his petition was denied on March 31, 1976. He admits that his petition was untimely.

On April 26, 1976 Sutton petitioned the board of bar examiners and the board of governors of the state bar for a hearing upon his application, for model answers to the July 30 and 31, 1975 bar examination, and for a representative sampling of the examination papers of other applicants who received overall passing and overall failing grades. On this petition, Sutton stated that "SCR 70 is deemed inapplicable since applicant's challenge . . . relates to his claim that he demonstrated his qualifications . . . and since SCR 70 forecloses a hearing to which applicant is entitled as a matter of due process of law." The board of examiners denied this petition on June 1, 1976.[3]

On June 17, 1976 Sutton petitioned the Court for the relief he had requested from the board. On June 23, 1976 the Court denied this petition.

On November 23, 1976 Sutton commenced this action against the individual members of the board of bar examiners and the board of governors of the state bar claiming a violation of his rights to due process of law under the United States Constitution, and demanding a declaration of unconstitutionality and an order for production of the specified materials and a hearing. The district court concluded that failure to provide the review sought by Sutton does not rise to the level of a federal constitutional violation, and that the provision of the Supreme Court Rules which relates to review of an adverse recommendation does not suffer from any federal constitutional infirmity. Judgment was entered dismissing the action.

Sutton appealed and we assumed jurisdiction under 28 U.S.C. § 1291. We agree that

---

**2.** Such petition must show therein, as may be appropriate, that the applicant was prevented from passing through fraud, imposition or coercion by the board of examiners. The board may, within 20 days after service upon it, serve upon the applicant and file in court an answer, and if such answer is served and filed, the applicant, within 15 days thereafter, may serve and file a reply thereto. The burden is then upon the applicant to establish to the satisfaction of the Court that the adverse recommenda-

tion of the board was based on fraud, imposition or coercion; should the applicant fail to meet his burden of proof, the Court refuses to disturb the recommendation of the board. SCR 70 (1975).

**3.** The board gave as its reasons that there was no matter pending before it on which a hearing could be held and that none of the requested materials were in its possession.

Nevada's procedures as applied to Sutton did not deny him due process or equal protection of the law and affirm the judgment.

"A State cannot exclude a person from the practice of law . . . in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238–9, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). "A State can require high standards of qualification, such as . . . proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law." *Id.*, at 239, 77 S.Ct. at 756. In the case before us, "[w]e are not . . . concerned with grounds which justify denial of a license to practice law, but only with what procedural due process requires if the license is to be withheld." *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 103, 83 S.Ct. 1175, 1180, 10 L.Ed.2d 224 (1963).

As noted above, the Court rules provide that any applicant not recommended by the board may inspect his examination papers, the questions given and the ratings thereof after the Court has received the report of the board recommending that the applicant be denied admission. SCR 71 (1975). In addition, the Court rules permit any applicant to file a petition for judicial review if such petition shows therein that such applicant was prevented from passing the written examination through fraud, imposition or coercion of the board, SCR 70(3) (1975). Such petition, however, must be filed within 60 days from the date the applicant has been notified that the board has recommended to the Court that he or she be denied admission to the practice of law. SCR 70(1) (1975).

Reexamination is an effective safeguard against the possibility of mechanical grading errors. When three or more examinations are taken and graded, the chance of consistent grading error is marginal. See 52 B.U.L.Rev. 286, 300–301 (1972). Nothing concrete has been alleged by appellant here as a reason for his rejection by the board apart from his failing grades. Review of rejection for certain other inadmissible reasons—fraud, imposition or coercion—is provided for, but was not timely pursued by appellant. Such limitations on appeal are not without precedent. *Chaney v. State Bar of California*, 386 F.2d 962 (9th Cir. 1967), *cert. denied*, 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968). Accordingly, appellant's claims of lack of due process in the review procedure are singularly lacking in appeal, for the claims were both untimely and lacking in substance.

The Federal Constitution requires no more. *Tyler v. Vickery*, 517 F.2d 1089, 1103–05 (5th Cir. 1975); *Whitfield v. Illinois Board of Law Examiners*, 504 F.2d 474 at 477–78 (7th Cir. 1974); *In re Mead*, 361 N.E.2d 403 (Mass.Sup.Jud.Ct.1977), *cert. denied*, 434 U.S. 858, 98 S.Ct. 182, 54 L.Ed.2d 131 (1977).[4] Sutton has not shown that the board of examiners' recommendation that he be denied admission was either arbitrary or capricious, or an abuse of discretion. Consequently, we agree with the district court that failure to provide the review sought does not amount to a denial of due process of law.

Judgment affirmed.

---

4. The only state court to grant a hearing explicitly stated that "[i]n arriving at this conclusion, we decline to reach the denial of constitutional due process claims advanced by appellant." *Application of Peterson*, 459 P.2d 703, 709 (Alaska Sup.Ct.1969).