Bernard T. SANTOS, Appellant,

v.

ALASKA BAR ASSOCIATION and the Justices of the Supreme Court of Alaska, Robert Boochever, Chief Justice, J. A. Rabinowitz, Roger Connor, Edmond G. Burke, and W. W. Matthews, Justices, Appellees.

No. CA 78–3606.

United States Court of Appeals, Ninth Circuit.

May 8, 1980.

Bernard T. Santos, in pro. per.

William W. Garrison, Anchorage, Alaska (argued), Robert M. Johnson, Anchorage, Alaska, on brief, for appellees.

Before TANG and FARRIS, Circuit Judges, and BEEKS,* District Judge.

BEEKS, Senior District Judge:

This appeal involves dismissal by the district court of appellant's complaint premised upon 42 U.S.C. § 1983 for the reason that it failed to state a cause of action upon which relief could be granted.

Santos, a graduate of a law school which is not accredited by the American Bar Association ("A.B.A.") or the Association of American Law Schools ("A.A.L.S."), appeals the holding of the court below that Alaska Bar Admission Rule I–2 does not violate the Fourteenth Amendment with respect to bar applicants who have not graduated from A.A.L.S. or A.B.A. approved schools. Under Rule I–2, only graduates from schools so accredited may apply for admission to the Alaska Bar.

Santos' application to take the February, 1978 bar examination was denied by the Alaska Bar Association ("State Bar") because he had not fulfilled the graduation requirement. Appellant then petitioned the Alaska Supreme Court for review of the State Bar's ruling. By order dated February 16, 1978, the Alaska Supreme Court affirmed the State Bar.

After instituting and then abandoning a federal action for injunctive relief concerning denial of his February application in the United States District Court for the District of Alaska, Santos applied to take the July, 1978 examination. That application was denied by the State Bar for the same reason as the previous denial.

Santos then commenced the action here involved.

He claims the court below erred in upholding the admissions rule without allowing him an opportunity to demonstrate that his education was as good as, if not better than, that received by qualified applicants. He maintains that the graduation requirement lacks any rational connection with his fitness or capacity to practice law. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957).

Before dealing with his contentions, we confront appellees' claims, raised for the first time on appeal, that: (1) they are immune from suit; (2) Santos failed to exhaust state remedies; and (3) the action is

* Honorable William T. Beeks, Senior United States District Judge for the Western District of Washington, sitting by designation.

barred by res judicata based on the state court order. Each is an affirmative defense. Fed.R.Civ.Proc. 8(c), 9(a). Failure to raise them below resulted in waiver. E. g., *Henry v. First National Bank of Clarksdale*, 595 F.2d 291, 298 n.1 (5th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *Davis v. Griffin-Spalding Cty., Ga., Bd. of Educ.*, 445 F.Supp. 1048, 1053–54 (N.D.Ga.1976).

■ Appellees also assert lack of subject matter jurisdiction which, unlike their other defenses, may be raised at any time. *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 430 n.5 (9th Cir. 1978).

■ 28 U.S.C. § 1343 (1976) is a specific grant of jurisdiction where federal constitutionality is challenged and this court has on at least two occasions accepted jurisdiction and sustained the validity of regulations such as here involved. *Sutton v. Lionel*, 585 F.2d 400 (9th Cir. 1978); *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir.), *cert. denied*, 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966). *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir.), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969), upon which appellees rely, merely affirmed refusal by a federal district court to review an order of the Alaska Supreme Court disciplining an attorney. It did not involve, as did *Sutton* and *Hackin*, the exercise of jurisdiction to review the constitutionality of state adopted rules and regulations governing admission to the legal profession. *Doe v. Pringle*, 550 F.2d 596, 599 (10th Cir. 1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977). Accordingly, we conclude that *MacKay* is not controlling. The court below had jurisdiction.

■ Thus, it is necessary to decide whether Alaska's admissions rule is violative of the Fourteenth Amendment. *Hackin v. Lockwood, supra*, is dispositive of the issue. There, an admissions rule virtually identical to the one involved here withstood the Fourteenth Amendment challenges of a graduate from a non-accredited law school.

Accordingly, the judgment of dismissal is AFFIRMED.