**In re Admission of D. Eugene THORNE to the Utah State Bar.**

No. 17540.

Supreme Court of Utah.

July 16, 1981.

Paul C. Droz, Salt Lake City, for plaintiff.

Utah State Bar, for defendant.

PER CURIAM:

D. Eugene Thorne petitioned this Court for review and reversal of the refusal of the Utah State Bar Commission to certify him for admission to practice law because he had not passed the required Bar examination.

The position essayed by petitioner before the Bar Commission and presented for review here is that his failure to pass the examination resulted because he was treated in an unfair and unreasonable manner and that his answers were improperly and unfairly graded.

It is not open to question that in proper circumstances an appeal lies to this Court to review and pass upon the findings and decision of the Bar Commission.[1] In that re-

---

1. See Rule on Review of Bar Examination and Appeal, approved by Supreme Court, January 26, 1977; also, Annotation 39 A.L.R.2d 719, et seq., regarding Court review of Bar Examinations.

gard, we make some general observations which have a bearing on this controversy.

It is the responsibility of this Court not only to perform its judicial functions, but also to administer the judicial branch of government. This includes the court system and the lawyers, who are officers of the court in pursuing the processes of justice. In carrying out its multifarious duties, it is necessary and desirable that the Court delegate some activities to responsible individuals and agencies. The Bar Commission is charged with the duty of determining the qualifications of applicants for admission to the Bar, of making investigations and conducting examinations as a predicate to recommending to the Court those deemed qualified for the practice of law.

■ It is appreciated that the Bar Commission, acting in that capacity and in a sense as an arm of the Court, is not in the same status as government administrative agencies; and that consequently, this Court's review is not necessarily on exactly the same footing as the review of a judgment of a trial court, nor an administrative agency; and the Court may, when it is deemed appropriate, exercise its judgment independent of that of the Bar Commission.[2] Nevertheless, it is neither practical nor desirable for this Court to devote its time and energies in the re-grading of examination papers and substituting its judgment for that of the examiners, or the Commission.[3] Accordingly, the Bar Commission, having been so designated and acting for the Court, it is deemed appropriate that the Court repose some confidence and trust in its actions by indulging some deference to its findings and judgments; and that in controversies such as that involved here, the Court should not disturb what the Commission has done unless the petitioner clearly demonstrates that he has been treated in an unfair, unreasonable or arbitrary manner.[4]

■ Petitioner had been cleared to take the Bar Examination in February, 1980. But a few days before that event, he requested that his examination be deferred until July. The Bar's position is that this request was granted; and that he was advised that on or before May 1, 1980, he was to confirm in writing that he would sit for the July examination; but they received no such notice and their files contained none. Petitioner asserts that he in fact gave such notice. In any event, on the morning of July 30, 1980, when petitioner arrived to take the examination, no packet had been prepared for him. After some effort, the Bar staff obtained appropriate materials and petitioner took the examination along with the other applicants. During the second day, petitioner notified the Bar staff that in the essay portion of his packet one question was missing. Due to those irregularities, petitioner suffered no reduction in time to complete his examination. His averment is that because of such irregularities, and the fact that he and other applicants became aware of and concerned about them, he suffered such great embarrassment and distress that he was unable to perform up to his capacities in the examination, which he otherwise would have passed.

The examination consists of a uniform multi-state bar examination and 18 essay questions. A score of 60 is a passing grade and the applicant must pass 12 of the 18 essay questions. For some unexplained reason, petitioner's packet contained only 17 essay questions. He achieved passing scores on 10 questions, failed on 7, and was given a passing score on the missing question. On the multi-state portion, he achieved a score of 110 of a possible 200,

2. See *Petition of Wayland*, Okl., 510 P.2d 1385 (1971).

3. Id.

4. Rule cited from footnote 1 above provides: . . . Relief shall be granted only upon a showing that the petitioner failed to pass the examination as a result of arbitrary or capricious conduct on the part of the Committee of Bar Examiners or in the administration of the examination or to prevent manifest injustice.
And see *In Re Bridwell*, 25 Utah 2d 1, 474 P.2d 116 (1970) and cases therein cited.

which placed him in the bottom 4.4 percentile of Utah multi-state examination scores.

Petitioner's complaints were referred to a Grievance Committee, who reported that "the majority of the committee is persuaded that petitioner is entitled to relief to prevent manifest injustice . . . [and it is recommended] . . . that the petition be granted . . ."

It appears that upon its review and consideration of the total circumstances, the Bar Commission declined to upgrade the results of petitioner's examination. In justification for that action, it points out that giving petitioner a passing grade of 60 on the missing question was entirely fair to him because it was higher than the average scores for the questions he completed; and that this, coupled with his low performance on the seven questions he failed, together with his very low score on the multi-state portion of the examination, failed to demonstrate sufficient knowledge of the law to warrant recommending petitioner for admission to the Bar.

In regard to petitioner's arguments in his somewhat extended brief, we make some further comments. We accept without reservation the proposition that the Bar Examination is very important in his life. We are certainly impressed by the distinctions he recites as having achieved and honors awarded in psychology and related fields. Commendable as they are, they do not meet the requirement as to knowledge of the law, which is the purpose of the Bar Examination. It is also to be kept in mind that it is important that the standards of the profession be upheld, and that the interests of the public be protected.

This is to be said about petitioner's assertions that he has suffered distress and anxiety because of the irregularities above recited. Undoubtedly, most of those who take such examinations could make explanations as to stress and tension. Demonstrating the ability to perform under stress and cope with difficulties is an inherent part of the qualifications for which the examinee is tested. If, due to the irregularities of which petitioner complains, he felt that he would not do justice to the exam, he had the option not to take it, further prepare, and sit for the next one. He made his choice, took the examination, awaited the result, which involved much time and effort on the part of others, and after he failed, came forward with these complaints.

Upon the basis of the record and the representations made to this Court, it appears that the Board of Commissioners has given careful consideration to all aspects of the problems presented by petitioner, and though refusing to change the results of the examination, have indicated to the petitioner that he has been approved and will be permitted to sit for another examination if he so desires. We are not persuaded that he has been dealt with in any such unreasonable or unfair manner that we should interfere with that ruling.

Petition denied.

OAKS, J., having disqualified himself, does not participate herein.

CROCKETT, Retired Justice, sat.