## EX PARTE ROSS.

No. 14595.  SEPTEMBER 9, 1943.

*George Elmer Ross,* pro se.

DUCKWORTH, Justice. No person except licensed attorneys from other States and the District of Columbia, as provided in the Code, § 9-201, shall be permitted to practice law in this State except by examination as is now or may be hereafter provided by law. Code, § 9-101. This statutory provision is controlling, and in the absence of a compliance therewith no person can successfully assert a claim to a license to practice law in this State. The examination referred to is provided for in the Code, § 9-111, and it is declared in § 9-112 that all persons who have successfully passed the examination with a proper certificate from the board of examiners to that effect may be duly licensed to practice law upon taking the oath provided by law and upon payment of the required fee. Code, § 9-115. These are valid provisions of law, designed by the legislature in the exercise of its constitutional authority to protect the public. They may not be set at naught by any action of the courts. They are not subject to alteration or nullification by any rule which may be adopted by the Supreme Court pursuant to the authority conferred by the Code, § 9-114. The Supreme Court is therein empowered "to pass such rules as may be necessary to carry the foregoing [statutory] provisions for admission to the bar into effect" and to amend "such rules" as occasion may require. The State board of bar examiners are appointed by the Justices of the Supreme Court. § 9-105. The meetings of that board are fixed by the rules of the Supreme Court. § 9-108. The authority for the board to hold a bar examination is set forth in § 9-110. That board shall pass upon the merits of each examination, and shall determine whether or not each applicant is qualified. § 9-111. The rules of the Supreme Court

adopted pursuant to the provisions of the law require that an applicant must make seventy per cent. on the bar examination before he is entitled to admission to the bar. Rule 7. Rule 8 makes it the duty of the judge of the superior court, upon receipt of a certificate from the State board to the effect that an applicant is entitled to a license to practice law, to deliver to the applicant an order to the clerk of that court to issue to the applicant a license to practice law.

In view of the foregoing provisions of law, it is clear that neither the petition nor the evidence offered in support thereof shows any right of this movant to the relief sought. It shows that the movant is seeking a license to practice law without a certificate from the State board of bar examiners that he is entitled to such license. There is no allegation of fact in the petition showing fraud or misconduct upon the part of any member of the board. The case is planted upon the conclusion of the pleader that he passed the examination. No attempt was made upon the hearing to support this conclusion with any evidence. The only evidence offered was entirely irrelevant to the matters set forth in the petition, and, whether true or not, does not appear to have in any wise affected the right or interest of this movant.

We think it well here to rule that the State board of bar examiners is not a quasi-judicial body; and whether or not any complaint movant might have about the actions of that board may be determined by the writ of mandamus against the board, it is clear that the present proceeding is not an available remedy.

*Judgment affirmed. All the Justices concur.*