IN THE MATTER OF THE PETITION OF DALLAS WEN-
DELL REID, FOR REVIEW OF BAR EXAMINATION,
1958.

No. 4174

February 6, 1959                                    335 P.2d 76

(See also 76 Nev. ......)

*Dallas Wendell Reid,* of Goldfield, in propria persona.

*Richard W. Blakey,* of Reno, for State Board of Bar
Examiners.

**OPINION**

*Per Curiam:*

Petitioner in 1958 sought admission to the bar of this
state. This court, by order entered November 5, 1958,

Board of Bar Examiners and its report that petitioner had failed to pass the written examination given by the board. Petitioner has applied to this court for a review of the action of the board.

Rule I(7) of the rules of this court provides, "Such petition [for review] shall show therein that such applicant was prevented from passing through fraud, imposition or coercion, or that he was prevented from a fair opportunity to take the examination by the Board of Bar Examiners."

The Board of Bar Examiners, without answering the petition, has filed a motion for an order dismissing the petition for review upon the ground that it does not make the factual showing required by rule. The motion must be granted upon this ground.

denied him admission upon recommendation of the State

The allegations of the petition consist of conclusions, ultimate facts and immaterial matter. Such facts as are alleged are not of a probative nature. Bias, prejudice, fraud, imposition and coercion are alleged generally. It is alleged, "That the grades assigned to his written examination by the Board of Bar Examiners were not based upon the same considerations or judged by the same standards as the grades assigned to some of the applicants who were admitted as a result of the 1958 Bar Examination." And further, that, "at least one member of the Board of Bar Examiners * * * openly expressed prejudice against petitioner in the presence of two witnesses whose testimony or affidavits can be supplied."

Allegations of this nature might be held sufficient to satisfy the requirements for pleading under NRCP. They are not sufficient in proceedings such as these, where probative facts must be alleged. This court and the Board of Bar Examiners are entitled, under Rule I(7) to know the facts upon which petitioner's contentions are based. The rule does not contemplate or intend that discovery of the facts may follow the filing of the petition. The facts must form the basis of the petition itself

and no petition will be entertained in the absence of adequate factual showing.

Motion to dismiss granted without prejudice to the filing of an amended petition herein within thirty days.