# In re Carleton N. Monaghan

[ 225 A.2d 387 ]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed January 5, 1967

*John M. Dinse* for petitioner.

**Per Curiam.**  The Court has been presented with the petition of a candidate for admission to bar who failed to achieve a passing grade in the examinations conducted by the board of bar examiners. He alleges that he has applied annually since 1959 to take the bar examinations and was permitted to do so in 1966 on order of this Court. See *In re Monaghan,* 126 Vt. 53, 222 A.2d 665.

The petition alleges he scored a grade of eight hundred fifty-two of a possible twelve hundred points. Nine hundred points were necessary to achieve admission.

The petitioner states he "has good reason to believe he was not impartially examined." What those reasons are and why they induced his belief that his examination was not impartial are not disclosed in the petition.

He asks this Court to review his examination papers "to determine whether, in fact he was impartially examined." Thus, in effect, we are called upon to discover whether the undisclosed reasons for his belief are well founded. In the alternative he requests a procedure be established to review and impartially grade his examinations.

The board of bar examiners are appointed according to the provisions of 4 V.S.A. §842. They are selected by the Court from mem-

bers of the legal profession of high standing. In the matter of examining and grading applicants for admission to the bar, both orally and in writing, the members of the board are the exclusive judges. We will not embark on an investigation to ascertain the probity of the results certified to the Court in the absence of clear and unequivocal allegations of probative facts to establish imposition, discrimination and manifest unfairness.

The present complaint is one of first impression in this Court. The result reached is consistent with established principles of pleading and practice and in accord with the rule prevailing in other jurisdictions. *Staley* v. *State Bar of California,* 17 Cal. 2d 119, 109, P.2d 667, 668; *Ex parte Ross,* 197 Ga. 257, 28 S.E.2d 925, 926; *Petition of Reid,* 75 Nev. 84, 335 P.2d 76.

*Petition dismissed.*