Eduardo M. LUCERO,
Plaintiff-Appellant,

v.

Allen OGDEN, et al.,
Defendants-Appellees.

No. 82–1817.

United States Court of Appeals,
Tenth Circuit.

Oct. 4, 1983.

Certiorari Denied Feb. 21, 1984.
See 104 S.Ct. 1308.

Paul A. Baca, Denver, Colo., for plaintiff-appellant.

Robert S. Treece, Denver, Colo. (Evan M. Zuckerman of Hall & Evans, Denver, Colo., and Howard Kenison, Asst. Atty. Gen., Denver, Colo., with her on brief) of Hall & Evans, Denver, Colo., for defendants-appellees.

Before BARRETT and LOGAN, Circuit Judges, and BOHANON, Senior Judge, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

BARRETT, Circuit Judge.

The issue for our resolution is whether the due process clause of the Fourteenth Amendment is satisfied by Rule 217 of the Colorado Rules of Civil Procedure which precludes review of the decision of the Colorado State Board of Law Examiners that an applicant has failed the bar examination but which permits an unsuccessful applicant the absolute right to retake the bar examination an unlimited number of times. The district court held that Colorado's Rule 217 does satisfy the state's obligation to provide procedural due process to plaintiff-appellant, Eduardo Lucero, and granted defendants'-appellees' motion to dismiss without costs. We affirm.

Lucero filed this action seeking damages, declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. The district court's jurisdiction vested under 28 U.S.C. § 1343 inasmuch as Lucero's challenge was directed at the validity of Rule 217. In *Doe v. Pringle,* 550 F.2d 596 (10th Cir.1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), we held that even though a federal district court is without jurisdiction to review a frustrated bar applicant's challenge to the state's denial of his particular admission by virtue of his examination failure, the court may nevertheless exercise "jurisdiction in relation to review of alleged federal constitutional due process or equal protection deprivations in the state's adoption and/or administration of general rules and regulations governing admission." 550 F.2d at p. 599. *See also Younger v. Colorado State Board of Law Examiners,* 625 F.2d 372 (10th Cir.1980); *Gately v. Sutton,* 310 F.2d 107 (10th Cir. 1962).

Colo.R.Civ.P. 217 became effective July 1, 1981. It provides, *inter alia,* that the decision of the Colorado Board of Law Examiners (Board) that an applicant has passed or failed the bar examination is final; subject, however, to an unsuccessful applicant's right to inspect his answers to the essay portion of the examination, but that no review of the results may be pursued. The rule further provides that an unsuccessful applicant has an absolute right to retake the bar examination for an unlimited number of times. Lucero has taken and failed the Colorado bar examination four times.

Notwithstanding our decision in *Younger v. Colorado State Board of Law Examiners, supra,* that former Rule 214, which precluded applicants in Class C from taking the bar

examination following two failing efforts, without special permission of the Colorado Supreme Court, was not invalid under the due process and equal protection clauses of the Fourteenth Amendment, Rule 214 was repealed and reenacted as Colo.R.Civ.P. 217. Following the enactment of Rule 217, Lucero took the bar examination in July, 1981. After notification of his failure, Lucero requested of appellee James Klein, Executive Director of the Board, that he be afforded the opportunity to inspect his essay questions, grades and score sheets for the 1981 bar examination.

Examination of the computer printout of Lucero's essay results indicated that he had passed only 13 of the 20 essay questions. A passing grade required 14 successful answers. It was ascertained that the computer printout did not include Lucero's grade in response to essay question 20. Further analysis by Mr. Klein disclosed that by computer error Lucero's overall score was not altered because he had failed to obtain a passing grade to essay question 20. Of the seven essay answers found to be failing answers, one was considered to be a "marginal" failure. Because Rule 217 precludes review of failing scores and permits only routine inspection, Lucero requested the opportunity to challenge his one "marginal" failing answer and the six answers deemed by the Board to be failing scores. The Board denied him such review and this suit followed.

The district court, in a well-reasoned memorandum opinion and order, stated, *inter alia:*

> Except for the Fourth Circuit, every court which has confronted this issue has held squarely against plaintiff's position. *Tyler v. Vickery,* 517 F.2d 1089 (5th Cir. 1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976); *Poats v. Givan,* 651 F.2d 495 (7th Cir.1981); *Davidson v. State of Georgia,* 622 F.2d 895 (5th Cir.1980); *Sutton v. Lionel,* 585 F.2d 400 (9th Cir.1978); *Whitfield v. Illinois Board of Law Examiners,* 504 F.2d 474 (7th Cir.1974); *Bailey v. Board of Law Examiners,* 508 F.Supp. 106 (W.D.

Tex.1980); *Singleton v. Louisiana State Bar Association,* 413 F.Supp. 1092 (E.D. La.1976).

> Not surprisingly, plaintiff relies on that Fourth Circuit decision, *Richardson v. McFadden,* 540 F.2d 744 (4th Cir.1976), *on rehearing en banc,* 563 F.2d 1130 (4th Cir.1977), *cert. denied,* 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978); but that decision is far from a square holding in favor of plaintiff's position. In *Richardson,* the court of appeals upheld the district court's decision to abstain from deciding the procedural due process issue until the South Carolina Supreme Court construed the state statute and determined what review, if any, it provided for unsuccessful examinees. In *dictum,* the court noted:

> > It is true that some courts have held that reexamination is a more effective remedy than review because the administrative burden of allowing challenges was perceived to be too great. We are not persuaded.

> *Id.,* 540 F.2d at 752 (footnotes omitted). The court did not discuss whether reexamination satisfies procedural due process, but only whether reexamination "is a more effective remedy than review." On that issue, the court was "not persuaded" by decisions of other courts.

> &ast; &ast; &ast; &ast; &ast; &ast;

> The interest of the unsuccessful bar examinee pales by comparison with the interest of the welfare recipient, or even the disability benefits recipient who was found not to deserve a pre-termination hearing in *Mathews.* [*Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)]. The unsuccessful examinee is not by definition too poor to support himself or too disabled to obtain employment; until he passes the bar exam he is unqualified to practice law in Colorado, but he is able to seek other employment or continue employment as a law clerk until "review" of his grade occurs through the taking of a subsequent exam. Although this will result in inconvenience, and added expense and time,

the deprivation to the examinee is not enormous. This is not to say that the interest of the examinee in the practice of law is not significant; indeed, it is the significance of that interest which entitles the unsuccessful examinee to due process in the first place.

The second factor articulated in *Mathews* is "the fairness and reliability of the existing ... procedures, and the probable value, if any, of additional procedural safeguards." *Id.*, 424 U.S. at 343, 96 S.Ct. at 907. Here there is no evidence that the procedures are unfair, e.g. that the graders engaged in insidious discrimination. Nor is there evidence of the unreliability of the current grading procedures or of the current review process (reexamination) in revealing errors. Reexamination effectively reveals grading errors caused by mechanical error or by arbitrary conduct. It is unlikely that the same error will occur more than once with respect to the same examinee. Defendants have not entered any affidavits which support the efficiency of reexamination as a method of review, but other courts have found the process effective. *Tyler v. Vickery*, 517 F.2d at 1104 ("Even making the generous assumption that one out of every hundred applicants who take the examination fail when they should have passed due to arbitrary grading, the probability that the same individual would be the victim of error after two examinations is literally one in a million."); Comment, Review of Failing Bar Examinations: Does Re-Examination Satisfy Due Process? 52 *Bos.U.L.Rev.* 286, 300–301 (1972) ("But, assuming that mistakes in examination grading are rare, the likelihood of the same examinee being the victim of mistake again is extremely low and by the third time borders on the impossible."), *quoted in, Singleton v. Louisiana State Bar Association*, 413 F.Supp. at 1100, n. 17.

Although the plaintiff asks for "an adversary hearing, an unbiased judge or hearing examiner, the opportunity to argue the facts and cross examine the other party, and the right to present evidence," Plaintiff's Brief in Opposition to Motion to Dismiss, at 7, there is nothing to indicate that any of these procedures would be any more effective in detecting grading errors than the absolute right to retake the examination. In *Tyler v. Vickery, supra,* the Fifth Circuit concluded that a post-exam hearing would not safeguard this interest in a correct grade more effectively than reexamination for the following reasons: 1) since bar exams in Georgia (and in Colorado) are held every six months, it is unlikely that providing hearings to all the persons who fail the bar exam would shorten the time before review occurred; 2) since even an administrative hearing would review only mechanical grading errors or capricious grades—and not the subjective analysis of the grader—reexamination would be as effective in exposing such errors.

What the plaintiff here wants to do is to challenge the conclusion of a particular grader that the written response to a particular essay question was inadequate. The courts have made it clear that such challenges are beyond the allowable scope of review of bar exams. *Tyler v. Vickery*, 517 F.2d at 1104 ("At a hearing, the issue of course would not be whether the examiner had given an applicant the 'correct' grade..."); *Whitfield v. Illinois Board of Law Examiners*, 504 F.2d at 477, n. 7 (generally, grading decisions of examiners should not be reviewed by "super bar examiner").

The final factor to be considered under *Mathews* is the administrative burden which the requested procedures would place upon the administrative agency. Here, the plaintiff requests a full evidentiary hearing. Such a hearing, available to each person who fails the bar exam, every time he fails the exam, would place "an intolerable burden" upon the Board, as recognized by the Fifth Circuit in *Tyler*, 517 F.2d at 1105, and by the Seventh Circuit in *Whitfield*, 504 F.2d at 478. [R., Vol. I, pp. 2, 3, 4, 5, 6].

■ We agree with the district court's analysis and reasoning. The court correctly

concluded that, as a matter of law, Rule 217 satisfies the procedural due process requirements of the Fourteenth Amendment. *See also: Newsome v. Dominique,* 455 F.Supp. 1373 (E.D.Mo.1978); *Hooban v. Board of Governors of Washington State Bar Assoc.,* 85 Wash.2d 774, 539 P.2d 686 (1975), *reh'g denied,* 434 U.S. 988, 98 S.Ct. 622, 54 L.Ed.2d 485 (1977); *Petition of Pacheco,* 85 N.M. 600, 514 P.2d 1297 (1973); *Petition of Wayland,* 510 P.2d 1385 (Okla.1971); *Feldman v. State Board of Law Examiners,* 438 F.2d 699 (8th Cir.1971); *In re Monaghan,* 126 Vt. 193, 225 A.2d 387 (1967); *Petition of Chachas,* 78 Nev. 102, 369 P.2d 455 (1962); *Ex Parte Ross,* 196 Ga. 499, 26 S.E.2d 880 (1943). And in *Poats v. Givan,* 651 F.2d 495 (7th Cir.1981), the court upheld the dismissal of a § 1983 action brought by a bar applicant who had failed to pass the Indiana bar examination on four occasions, holding that due process was satisfied by right of review by the Indiana Supreme Court The court further held that the Indiana rule limiting the number of bar examinations to four was constitutional.

In *Feldman v. State Board of Law Examiners, supra,* the court held that contentions raised by an unsuccessful bar applicant to state bar's admission procedures which involved claims of honest errors of judgment, negligence or mistake did not involve federal constitutional questions. We agree. In *Chaney v. State Bar of California,* 386 F.2d 962 (9th Cir.1967), *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162, *reh'g denied,* 391 U.S. 929, 88 S.Ct. 1803, 20 L.Ed.2d 670 (1968), the court dismissed a § 1983 action challenging the essay-type examination as being fundamentally unfair and improper inasmuch as the grading was a matter of subjective evaluation by the examiner which could never be proved in error by the applicant. The court stated that there was no possible federal constitutional question posited in the fact that California used the essay-type examination.

■ The due process clause of the Fourteenth Amendment does guarantee bar applicants that they will not be denied admission to practice their profession unless the state's reasons for refusal to admit have a rational connection with their fitness or capacity to practice law. *Konigsberg v. State Bar of California,* 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957). The fact that a bar examination depends in large measure on subjective grading judgments of examiners does not, *per se,* constitute an irrationally administered examination. Thus, courts have consistently refrained from entering the arena of regrading bar examinations when an unqualified right of reexamination exists. There is no reason to believe that a post-examination adversary hearing for review of a failing examination would be more effective than the methods of review available in Colorado pursuant to Rule 217, which, at a minimum, are designed to discover errors in computation of the applicant's score. Thus, the district court was correct in finding that due process is satisfied in the case of an applicant denied admission to the bar for failure to pass the bar examination where the applicant has the absolute, unqualified right to retake the examination.

WE AFFIRM.