**Denise McGINN, Petitioner,**

v.

**STATE BAR BOARD OF the STATE OF NORTH DAKOTA, Respondent.**

**Civ. No. 11296.**

Supreme Court of North Dakota.

Jan. 20, 1987.

Bruce E. Bohlman, Grand Forks, for petitioner.

Zuger & Bucklin, Bismarck, for respondent; argued by James S. Hill.

MESCHKE, Justice.

Denise McGinn petitioned this court to review the negative recommendation of the North Dakota State Bar Board on her second of three applications for admission to practice law. We reject her petition.

After failing the July 1985 bar examination, Denise took the February 1986 bar examination consisting of six essay questions graded on a scale of zero to ten points and 200 multi-state multiple choice questions. Before administering the test, the Bar Board determined that a combined score of 130 utilizing the equi-percentile method of grading was necessary for it to make a favorable recommendation to this court for an applicant's admission to practice law.[1] Denise received a scaled score of 126 on the multi-state examination and an average score of 5.5 on the essay questions which converted to a scaled score of 126.-667. Those scores resulted in a combined essay and multi-state score of 126.333, which did not qualify for a favorable recommendation.

The Bar Board had all of Denise's essay answers regraded[2] by different graders who were instructed to review the essay questions, the model answers, and representative answers by other examinees to each of the essay questions. Upon regrading, Denise's essay average and combined score did not change, and the Bar Board informed her that, based on the disqualifying results of her examination, it would make a negative recommendation on her request for admission to practice law.

Denise sought a formal hearing before the Bar Board, where she challenged the validity of the scores she received on essay questions one [corporations] and five [trusts and estates]. She did not challenge her multi-state scaled score or her scores on the other essay questions. After the

1. The Bar Board adopted the following pass/fail policy for the February 1986 examination:
"Applicants for the February, 1986, North Dakota bar examination will be required to take the Multistate Professional Responsibility Examination, the Multistate Bar Examination and an essay exam consisting of six subjects: Business Associations; Commercial Transactions; Practice and Procedure; Equity; Wills, Estates and Trusts; and Family Law. Applicants applying for admission by examination for the first time after July, 1985, will be required to attain a scaled score of at least 80 on the MPRE. All applicants must obtain a combined score of 130 on the essay and MBE exams utilizing the equi-percentile method. Utilizing the equi-percentile method of combining scores, the converted essay score will be combined with the MBE scaled score and averaged. Each essay exam will be graded on the basis of one to ten."
The National Conference of Bar Examiners explained the equi-percentile method:
"The scores are combined by use of the *Equipercentile Method* of combining scores. Each essay score is converted to a score that looks like a MBE score for it is based on the MBE range of scores. It is not converted to a 'MBE score.' It is properly called a 'converted essay score.' An applicant's converted essay score can be added to his or her MBE score and divided by two if the final score is to be based on a range of 0 to 200."

2. The minutes of the January 28, 1986, Bar Board meeting provide:
"That after the essay and the Multistate Bar Examination scores have been combined by the National Conference of Bar Examiners, all essay papers of applicants receiving a combined score of less than 130 will automatically be regraded. If regrading changes any of the essay scores, the result will be combined with the MBE score to determine the new combined score. This score will be final. Applicants failing to receive a 130 or higher will be informed that their essay answers have been regraded and that the Board has made a negative recommendation for their admission based on their failure to pass the bar examination."

hearing on June 6, 1986, the Bar Board decided that Denise had made a sufficient showing for the members of the Bar Board to individually regrade her answers to questions one and five. In regrading those answers, the members of the Bar Board considered her presentation at the formal hearing, the questions, the model answers, and representative answers by other examinees in the low, medium, and high range. After their regrading, the Bar Board determined that the grades for Denise's answers to questions one and five were five and four respectively (compared to her initial scores of five and three, respectively). Her regraded essay score average was 5.7 which converted to 128, and her combined score using the equi-percentile method was 127. On June 16, 1986, the Bar Board confirmed its negative recommendation.

Denise petitioned this court for review pursuant to Rule 6(C), Admission to Practice Rules, North Dakota Court Rules, 1986 Desk Copy.[3] She also took and successfully completed the July 1986 bar examination, and thereby received a favorable recommendation by the Bar Board. On September 26, 1986, she was admitted to practice law in North Dakota.

Nevertheless, Denise has pursued her petition to this court for review, requesting "reversal of the decision dated June 16, 1986" and "admission to practice as an attorney and counselor of law in the State of North Dakota." The Bar Board suggests her petition is moot since she has been admitted. Denise responds by affidavit that her appeal is not moot because "she has been offered employment with the Judge Advocate General Corps of the United States Army, but only if she has not twice failed the bar examination". She maintains that only a favorable recommendation based upon the February 1986 bar examination would permit her to obtain employment with the Army because "she would not have been considered to have failed the second examination." She seeks invalidation of the February test or withdrawal of the Bar Board's negative recommendation based upon it.

Denise's affidavit contains only her assertions without substantiation. Ordinarily, we would regard such an unsupported showing as insufficient to overcome obvious mootness. But, in this instance, we opt to review the merits of her petition with the caution that our action is not likely to be repeated in the future. This should not be regarded as a precedent for review simply because someone admitted to practice law believes prior actions of the Bar Board are unduly adverse to the applicant's interests.

Pursuant to N.D.C.C., § 27–11–19, after receiving reports of examination, results, and recommendations from the Bar Board, this court authorizes issuance of certificates of admission to qualified persons to practice law in North Dakota. Pursuant to Rule 6(C)(4) of the Admission to Practice Rules, Denise has the burden of proving by a preponderance of evidence that, notwithstanding the Bar Board's negative recommendation, she should have been admitted.

Denise contends that she is being deprived of her right to engage in the practice of law in violation of the due process and equal protection requirements of the United States and North Dakota Constitutions because the grading of essay questions one and five was arbitrary and capricious. She argues that there was not a rational connection between those essay questions and model answers. She asserts that she should have received a higher score for her answer to essay question number one on corporations because she discussed four relevant issues not recognized in the Bar Board's model answer.

3. We note that the Admission to Practice Rules cited after N.D.C.C. § 27–11–01, in Volume 5A of the North Dakota Century Code do not include Rule 5, Relicensure of Inactive Attorneys, and the renumbering of former Rule 5 as Rule 6, both of which were effective on September 1, 1983.

She contends that, in answering essay question number five on trusts and estates, she was penalized for not discussing alternative issues addressed in the Bar Board's model answer because her reasonable interpretation of the question "what can you recommend?" called for a specific recommendation and not for discussion of all available alternatives.

In *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 238–239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957), the United States Supreme Court said:

"A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law.... Even in applying permissible standards, officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory." [Citations omitted.]

It is well established that an essay examination has a rational connection with an applicant's ability to practice law. *Tyler v. Vickery,* 517 F.2d 1089 (5th Cir.1975); *Dinger v. State Bar Board,* 312 N.W.2d 15 (N.D.1981). In *Dinger v. State Bar Board, supra,* we observed that there is a certain amount of subjectivity in any essay examination but that every examination must have a passing standard to assure the public that persons admitted to practice law have met minimum requirements. We ruled that an essay examination is not invalid per se and that anyone challenging the effectiveness of a bar examination has the burden of establishing its unreliability.

We are not persuaded that Denise's answers to questions one and five were grad-

ed in an arbitrary and unreasonable manner. They were first graded by graders employed by the Bar Board, then regraded by different graders who were not informed of the initial grade, and finally regraded by the individual members of the Bar Board after they had considered Denise's presentation at the formal hearing. The regrading by the individual members of the Bar Board resulted in an additional point being awarded on question five. It is a difficult burden to show that so many competent persons who reviewed Denise's answers, and were in close agreement as to the quality of those answers, were each arbitrary and unreasonable in their analysis. In our opinion Denise has not met that burden.

Implicit in Denise's argument is an invitation for us to regrade her answers to questions one and five. We decline that invitation. Grading examination answers is not our function on review. See *In re Mead,* 372 Mass. 253, 361 N.E.2d 403 (1977); 7 Am.Jur.2d, Attorneys at Law §§ 20 and 21 (1980).

The decision of this court in *Petition of Thompson,* 342 N.W.2d 393 (N.D.1983), is distinguishable. In *Thompson* there was a noise disturbance while the multi-state examination was being administered and the applicant missed a passing score on that portion of the examination by three points. The applicant received one of the top scores on the remaining portion of the examination; however, pursuant to the Bar Board's pass/fail policy for that examination, the multi-state and essay scores were not combined, and he received a negative recommendation on his application for admission. Under those circumstances, with the virtual acknowledgement by counsel for the Bar Board that the applicant was qualified, a majority of this court granted the application for admission notwithstanding the Bar Board's negative recommendation.

We conclude that the procedure employed to test Denise's qualifications bears a rational connection to her ability to prac-

tice law and therefore does not violate the equal protection or due process clauses of the Federal or State Constitutions. We are not persuaded Denise should have been admitted to practice law in North Dakota as a result of her February 1986 bar examination. Accordingly, we decline to invalidate that examination or to require the Bar Board to withdraw its negative recommendation based on it.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.